## Barley's Estate

*Marshall M. Cohen*, for petitioner.
*John E. Malone*, for respondent.

CHARLES, P. J., February 17, 1938. — This matter comes before the court on the petition of Edith Barley, wife of Clarence Barley, a minor, praying for an order upon the guardian of said minor to pay out of the minor's estate the amount due and in arrears on an order of the Court of Quarter Sessions of Lancaster County, in desertion and nonsupport proceedings, directing the said Clarence Barley to pay the sum of $5 per week for the support of his wife and minor children, and further to pay the sum of $5 per week until the income and prin-

cipal of said minor's estate shall become exhausted, or until the said Clarence Barley shall support the petitioner from other funds.

The petition alleges that Clarence Barley is a minor child of Harry Barley, deceased, and has as his guardian The Fulton National Bank of Lancaster, Pa., which has received his share in his father's estate; that on June 11, 1937, the Court of Quarter Sessions of Lancaster County, in desertion and nonsupport proceedings, ordered the said Clarence Barley to pay $5 per week for the support of his wife and minor children; that on September 10, 1937, said Clarence Barley was sentenced by said court to Huntingdon Reformatory for an undetermined period; that said Clarence Barley has not paid anything for the support of his wife and children since said order of court was entered, and at the time this petition was presented he was in arrears to the amount of $75; that he is the father of two children who are in the custody of the petitioner and that she is destitute and without means for their support. A rule to show cause was granted.

To this petition is attached an assignment by Clarence Barley of his estate in the possession of his guardian to his wife, Edith Barley, which can have no legal effect, or, at best, is only persuasive.

The principal and income of the estate of Clarence Barley in the possession of his guardian is less than $200, and consists, principally, of a participation certificate in Mortgage Pool, Series A, of The Agricultural Trust and Savings Company of Lancaster, Pa., former guardian.

This is an unusual proceeding and it only will be necessary to consider the question of the jurisdiction of this court and its authority to make the order prayed for in the petition.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 59 (*i*), provides as follows:

"(*i*) When any one shall die, leaving an infant child or children, without having made an adequate provision for the support and education of such child or children

during their minority, the orphans' court may direct a suitable periodical allowance, out of the minor's estate, for the support and education of such minor, according to the circumstances of each case; which order may, from time to time, be varied by the court, according to the age of the minor and the circumstances of the case."

The petition is not the usual petition to expend for the "support and education" of the minor an allowance to be fixed by the court, but it is the unusual application of the wife of the minor for an allowance out of the estate of the minor for the purpose of paying the amount due on a desertion and nonsupport order entered by the court of quarter sessions directing the minor to pay a fixed amount for the support of his wife and minor children.

The order of support was entered in proceedings under the Act of April 13, 1867, P. L. 78, which act also provides for enforcing compliance with such order.

The petitioner, however, has elected to seek relief in this court pursuant to the provisions of the Fiduciaries Act above quoted, and it is urged that said act be interpreted to include the "support and maintenance of the minor's wife and children" in addition to the "support and education" of the minor. Fundamentally, it is the legal duty and obligation of a husband, whether an infant or an adult, to support and maintain his wife and children, and his estate should be subject to payment for their necessities. It is equally fundamental that the duty of a guardian is to protect and conserve the estate of his ward. If a husband, upon whom has been cast the duty to support his wife and children, fails in the performance of that duty, the Act of 1867, supra, provides the forum and the procedure to enforce compliance with such order.

The orphans' court has no jurisdiction or authority to direct the guardian of a minor husband to comply with and pay out of the minor's estate in its possession the amount of such order. The court cannot yield to personal views or feelings, however persuasive, but must obey

the mandate of the law: Hollenback's Estate, 11 D. & C. 352; Estate of Kehoe Minors, 10 Schuyl. L. R. 142.

Rule to show cause is dismissed, and prayer of petitioner is refused at her cost.